No. 15,995.

McINTYRE ET AL. *v.* DOWER ET AL.

No. 15,996.

EMMA VER HULST *v.* DOWER ET AL.

(213 P. [2d] 834)

Decided December 27, 1949.   Rehearing denied January 23, 1950.

Messrs. GRANT, SHAFROTH & TOLL, Mr. CHARLES H. HAINES, JR., for plaintiff in error Emma ver Hulst.

Messrs. BANNISTER, WELLER & FREIDRICH, for plaintiffs in error McIntyre and Augustine.

Messrs. HODGES, VIDAL & GOREE, Mr. JOSEPH G. HODGES, for defendant in error George.

Messrs. LEWIS, GRANT, NEWTON, DAVIS & HENRY, Mr. DONALD S. STUBBS, Mr. BYRON R. WHITE, for defendant in error Colorado Milling and Elevator Company.

Mr. HENRY MCALLISTER, Mr. JOHN L. J. HART, for defendants in error Dower et al.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

THERE is involved the right of plaintiffs in error to intervene in a case pending in the Denver district court, wherein defendant in error George is plaintiff, and defendants in error the Colorado Milling and Elevator Company, the International Trust Company, Dower, and many other individuals, are defendants, and in which, sufficiently stated for purposes here, plaintiff seeks recovery against all defendants, except the International Trust Company, in a sum exceeding six hundred thousand dollars. The claim is for commission allegedly earned by plaintiff in making sale of the corporate stock of the Colorado Milling and Elevator Company, and for other services rendered by him in connection therewith, which he alleges he accomplished pursuant to employment to that end by competent au-

thority in behalf of defendants. As against the International Trust Company, as trustee, plaintiff seeks to have it adjudged to be holding in trust a fund in a sum sufficient in amount to pay him what he claims in the action, "for the use and benefit of this plaintiff," etc., which, in the interest of disposition of questions here, need not further be elucidated.

The complaint in the main case was filed June 29, 1944, and defendants filed answers and counterclaims July 15, 1945. By order in the case made October 20, 1947, trial was set to begin January 20, 1948. December 27, 1947, plaintiffs in error, invoking Rule 24(a), Colorado Rules of Civil Procedure, filed motions to be permitted to intervene in the action, based on petitions attached to the motions. January 2, 1948, plaintiff George filed answers to the petitions for intervention, and on the same day trial was had on the question of the right of plaintiffs in error to enjoy intervention in the case. The trial judge ruled adversely thereto, saying, inter alia, that, "As I understand the rather involved situation here the intervenors' rights to compensation are dependent entirely upon the recovery by the plaintiff George. The plaintiff in this case is represented by able counsel, and he and his counsel will strive to their utmost to recover the largest amount of judgment possible under the evidence.

"Up to very recently, apparently the intervenors have been entirely satisfied to allow the case to be prosecuted by counsel who have been in the case for a long time and to watch the proceedings from the side-line, with full knowledge of the fact that the larger the amount of plaintiff's judgment the better off the intervenors would be. Very recently, however, * * * the intervenors have become suspicious that plaintiff, if he does recover judgment, may not recognize their claims to share in the judgment. For that reason the intervenors, in order to protect themselves, want to get in the case and present their claims against plaintiff and to their share

of whatever judgment, if any, he may recover. * * *
From the statements of counsel and from the verified
petitions which have been read to the court, it is my
understanding that these intervenors have no claims
against the defendants directly, independent of the
claim of the plaintiff George. The rights of the inter-
venors to any amount of money which George recovers,
as the case now stands, cannot be litigated in this case.
* * * There are no issues joined between the intervenors
and the defendants, or the plaintiff, and any evidence
which might be offered at the trial which would have
the effect of diminishing the intervenors' claims, as I
see it, would be entirely immaterial and would not be
admitted. Therefore, even if the intervenors are sus-
picious of the attitude of the plaintiff toward them in
event of recovery, that does not, in my judgment, give
them a right to intervene in this case and further com-
plicate the issues. To let them in now, as a permissive
matter, would seriously interfere with and delay the
prosecuting of the case and the trial of it. For that
reason alone, if it were completely a permissive matter,
the court would have a right to deny the petition.

"For the reasons stated, the motions of the inter-
venors to intervene are denied."

Before proceeding further with the inquiry, we pause
to note that while plaintiff George and all defendants
in the principal action are made defendants in error
here, only George has come to grips with plaintiffs in
error. Other defendants in error emphasize, generally,
that they are not obligated to George *or* plaintiffs in
error.

█ █ In addition to the fact that plaintiffs in error
delayed until the eve of the trial date of the main action
to file applications to intervene, which, in itself, as we
think, justified the trial court's order of denial, we are
persuaded that on the merits of the applications, the
court proceeded in full light, and adjudged with under-
standing. Interveners do not allege, nor does it appear

otherwise, that they were parties to the contract, directly or indirectly, alleged by plaintiff as the basis of his claim against defendants. In brief, there not only was no privity between interveners and defendants, but the record shows that the representative of defendants who allegedly employed plaintiff in the action, specifically declined to have dealings with ver Hulst and Company, assignor of intervener Emma ver Hulst. The other interveners, as it is informing to state, claim under ver Hulst. Clearly, as we think, their allegations and showing otherwise regarded most favorably, interveners could not maintain action against defendants to recover all or any part of the claim being prosecuted by plaintiff in the cause wherein intervention was sought. The holding of the trial court, warranted by the facts of record, and conforming with what we regard as the law, was to that effect. *Smith v. Gale,* 144 U.S. 509, 518, 12 Sup. Ct. 674, 36 L. Ed. 521; *Pomeroy's Remedies and Remedial Rights* (5th ed.), p. 485, §324; *MacDonald v. United States,* 119 F. (2d) 821; *Babcock v. Town of Erlanger,* 34 F. Supp. 293. See, also, *Bickford's, Inc. v. Federal Reserve Bank,* 5 F. Supp. 875, where the court said, that, "The 'interest in the litigation' that an intervener must show is an interest in the subject-matter of the litigation. It is not sufficient for him to show that he has an independent right of action against the defendant based on grounds like those asserted by the plaintiff." There is an interesting observation to the same effect by the Supreme Court of Utah, in *Corporation of President, etc., v. Hartford Accident & Indemnity Co.,* 98 Utah 297, 95 P. (2d) 736, point 17.

It does not appear that interveners were parties to the alleged contract between plaintiff and defendants upon which right of recovery in the action proper is premised; nor does it appear that defendants were apprised of the existence of the alleged contract between plaintiff and interveners, which is the basis of interveners' claim against plaintiff. In brief, privity between interveners

and defendants obtained in no degree at any time. In the particulars stated, the situation differs from *Morey v. Lett,* 18 Colo. 128, 31 Pac. 857, emphasized in behalf of interveners. Interveners do no contend, as we pause to note, that at any time they could have maintained an action against defendants in the George action; rather, as is evident, the sum of interveners' claim is that, by virtue of an independent agreement between them and plaintiff in action, he shall pay them a certain proportion of whatever he shall collect from defendants in the premises appearing. There is nothing to indicate that plaintiff is not proceeding in the utmost good faith in his action against defendants, nor is there logic in the seeming conception of interveners that plaintiff will be interested other than in seeking judgment for less than the greatest amount recoverable on the basis of his demand. Whatever plaintiff's obligation to interveners on the basis of their claim against him, the larger his recovery against defendants the more easily he may discharge it.

On the whole inquiry, the liberal provisions of Rule 24 (a), not overlooked, we think plaintiff is entitled to proceed in the prosecution of his action as advised, aided and guided by counsel of his choosing, and while so engaged should not be bothered by parties and their counsel on an independent claim by them against him.

Let the judgment be affirmed.

MR. JUSTICE JACKSON does not participate.