No. 17,665.

ELOISA GRIJALVA, ET AL. *v.* MARVIN CLAY ELKINS, ET AL.

(287 P. [2d] 970)

Decided September 19, 1955.

Mr. ERNEST U. SANDOVAL, for plaintiffs in error.

Mr. DEAN C. MABRY, for defendants in error Marvin Clay Elkins and Daisey Mae Elkins.

Mr. RALPH T. HUNTER, for defendant in error Louis Kern.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN November, 1953, Marvin Clay Elkins and Daisey Mae Elkins instituted an action against Louis Kern to recover damages allegedly sustained by them in an automobile accident which occurred on October 4, 1953. On April 28, 1954, Louis Kern filed his answer and cross-complaint. On May 10, 1954, Eloisa Grijalva and Sr. and Sra. Hernandez, plaintiffs in error, filed a motion asking leave to intervene in said action of Elkins, et al. v. Kern, alleging that they desired to present a claim against the plaintiffs and defendant in said action and that the respective causes of action "arise out of the same transaction or series of transactions and that their respective rights will be prejudiced if they are not allowed to present their claims in the suit now pending." By an amended complaint, tendered for filing on February 10, 1955, Eloisa Grijalva was designated third party plaintiff, and Jesus C. Hernandez and Dora C. Hernandez were in said complaint designated as fourth party plaintiffs.

In this third and fourth party plaintiff complaint it was alleged that third party plaintiff was the wife and sole and only heir of Antonio Grijalva; that Marvin Clay Elkins was on October 4, 1953, driving an automobile owned by him and Daisey Mae Elkins, and that he negligently and recklessly drove said automobile causing it to collide with an automobile driven by Antonio Grijalva, and as a result of said collision Antonio Grijalva was killed. It was alleged on behalf of the fourth party plaintiffs that Maria A. Hernandez was their daughter and that said Maria A. Hernandez was killed in said

automobile accident, she being at that time a passenger in the automobile owned by defendant Kern and being then and there driven by the said Antonio Grijalva.

Eloisa Grijalva, third party plaintiff, demanded judgment "against Marvin Clay Elkins and Daisey Mae Elkins, or either of them; * * * either from their own assets or from any sums that may be adjudged as due them."

Jesus C. Hernandez and Dora C. Hernandez, fourth party plaintiffs and parents of Maria A. Hernandez, demanded $10,000.00 damages for the death of their daughter against Marvin Clay Elkins and Daisey Mae Elkins; in their tendered complaint fourth party plaintiffs alleged that they did not know whether their daughter was to pay for her transportation in the automobile driven by Antonio Grijalva, who, they alleged, "so negligently, or carelessly, or recklessly and/or unlawfully operated said automobile" that he caused it to collide with the Elkins car resulting in the death of their daughter, Maria, and they demanded judgment against Kern "or from any sums that may be adjudged against Marvin Clay Elkins and Daisey Mae Elkins in favor of Louis Kern."

On February 10, 1955, the motion for leave to intervene in the action was denied and plaintiffs in error bring the cause here on writ of error.

It is urged by counsel for plaintiffs in error that "Where several individuals are injured in the same automobile accident * * * all the parties should be allowed to present their claims in the same cause of action. A failure to allow the claims of some of the injured to be presented in the original cause of action is a abuse of discretion * * *."

Counsel for plaintiffs in error concedes that the intervention sought is permissive only and not a matter of right. In Vol. 4, 2nd Edition of Moore's Federal Practice, at page 102, we find this applicable statement of the rule:

318

"An order denying intervention is appealable if intervention was a matter of right. If permission was permissive only, denial thereof is not appealable unless the court abuses its discretion. It could seldom, if ever, be shown that the trial court had abused its discretion in denying the permissive right to intervene."

The primary question presented is whether the court below abused its discretion in denying the intervention sought by the third and fourth party plaintiffs. Rule 24(b), R.C.P., gives the trial court discretion in granting or denying permissive intervention.

The legal concept of intervention is based upon the natural right of a litigant to protect himself from the consequences of an action against one in whose cause he has an interest, or by the result of which he may be bound.

What was the interest of the plaintiffs in error in the main case? Unquestionably plaintiffs in error desired to enter the main case, take advantage of the evidence produced by the litigants in that action, and to obtain a judgment against one or both of the parties in the main action, riding on the coattail of one or both of these parties. The injection of the claims of plaintiffs in error into this litigation could confuse the issues, and it is obvious that the petitioners for intervention would not, and perforce could not, be bound by any judgment rendered in the main action.

The following from *McIntyre v. Dower, et al.*, 121 Colo. 150, 213 P. (2d) 834, is applicable to the instant case:

"In addition to the fact that plaintiffs in error delayed until the eve of the trial date of the main case to file applications to intervene, which, in itself, as we think, justified the trial court's order of denial, we are persuaded that on the merits of the applications, the court proceeded in full light, and adjudged with understanding."

Had intervention been allowed, new and essentially

different questions of law and fact would be injected into the case, which would not be common to the issues to be determined between Elkins and Kern. This might complicate the case to such an extent that the jury would become perplexed and be unable to render a just verdict.

"Intervention will frequently be denied even though common questions of law or fact are presented, if in addition collateral or extrinsic issues would be brought in by the intervenor." Vol. 4, 2nd Edition of Moore's Federal Practice, page 63.

An order denying intervention is appealable if intervention was a matter of right. *Brotherhood of Railroad Trainmen v. Baltimore & Ohio R. Co.,* 331 U.S. 519; *Park & Tilford, Inc. v. Schulte,* 160 Fed. (2d) 984.

Where intervention was permissive only, "The application was addressed to the discretion of the District Court, and the order appealed from was not of that final character which furnished basis for appeal." *City of New York v. Consolidated Gas Co. et al.,* 253 U.S. 219. *Ex parte Leaf Tobacco Board of Trade of New York,* 222 U.S. 578.

An order refusing intervention is not a final and appealable order unless the applicant has no other adequate means of protecting his rights. *Cresta Blanca Wine Co., Inc. v. Eastern Wine Corp.,* 143 Fed. (2d) 1012; *Cameron v. President and Fellows of Harvard College,* 157 Fed. (2d) 993.

It can seldom, if ever, be shown that the trial court abused its discretion in denying the permissive right to intervene. *Allen Calculators, Inc. v. National Cash Register Co.,* 322 U.S. 137.

We cannot say from the record before us that the trial court abused its discretion. Plaintiffs in error, if so advised, may file an independent action and assert their claims directly against those who they assert were responsible for the damages they demand.

The writ of error is dismissed.