## No. 18,341.

GROENDYKE TRANSPORT, INC. *v.* DISTRICT COURT OF THE
CITY AND COUNTY OF DENVER, ET AL.

(343 P. [2d] 535)

Decided August 31, 1959.

Mr. W. R. MEANS, Mr. STANLEY H. JOHNSON, for petitioners.

Mr. E. G. KNOWLES, Mr. T. A. WHITE, Mr. DOUGLAS McHENDRIE, Mr. W. V. HODGES, JR., Mr. J. W. PRESTON, Mr. J. C. STREET, for respondents.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS proceeding, originally filed in this court upon writ of error, was, upon motion of plaintiffs in error, to whom we will refer as petitioners, permitted to be considered by this court as an original proceeding under Rule 116, R.C.P. Colorado.

Petitioners, by an action filed in the district court of the City and County of Denver, sought to review the validity of certain orders entered by the Public Utilities Commission of the State of Colorado (hereinafter referred to as the Commission) granting lower rates to railroads than it did to truckers for intrastate hauls of over seventy-five miles in length, relating to petroleum and petroleum products. Petitioners are trucking companies doing business in the State of Colorado, and engaged in transporting such products in both intrastate and interstate commerce.

Following filing of the district court action, in which only the Public Utilities Commission was named defendant, the respondent railroad companies filed their petition to intervene, which, being granted, precipitated the present proceeding by which petitioners seek to compel

the district court to vacate its order allowing the intervention.

The controversy goes back to 1950 when the petitioners and a group of seven railroads were, generally speaking, charging the same rates for the hauling of petroleum products. In that year the railroads filed with the Commission new tariffs proposing to reduce intrastate rates on gasoline and light oils to a level generally 1.5 cents per hundred pounds lower than the then prevailing rates for truckers. A similar decrease had been previously granted by proper federal authority for interstate shipments. The new state tariffs were suspended after protest by some of these petitioners pending an investigation and hearing thereon. In 1953 the Commission approved the new tariffs and no review was ever sought of that decision.

In 1956 the railroads filed for a general rate increase, which was granted by the Commission. Later petitioners sought to intervene in the 1956 rate case, which request was denied. Thereafter the railroads asked that the 1956 rate increase not apply to petroleum and petroleum products. This request was granted by the Commission. Following the denial of various petitions for rehearing before the Commission, petitioners on September 21, 1956, sought review in the District Court of the orders of the Commission, which if successful would have the net result of terminating or setting aside the rate differential established in 1953. Following action on various motions, and in due course on February 13, 1957, the railroads filed and served a motion for leave to intervene in the district court action as defendants on the side of the Commission. This motion, which was later amended, the petitioners' moved to dismiss. The motion to dismiss was denied and the motion to intervene granted, the trial court stating:

"I am going to grant the motion and permit them to come in as parties, as intervenors, because the Court be-

lieves, first, that in its duty it can, under its broad powers, as a matter of discretion, permit them.

"By and large, I believe it necessary for the proper conclusion of the issues raised by the Complaint that any person who might be affected — it appears from the statement of counsel that the railroads would be affected by any judgment, decree, or order of this Court pertaining to the constitutionality of the Act which has been questioned — that the Court should, as a matter of right, permit them to intervene and be represented by counsel. * * * "

■ There are no issues of fact here in dispute. As we view the issues presented, there is only one question to be answered. It is: Is an order of the trial court *granting* intervention under R.C.P. Colo., Rule 24, reviewable by this court in an action invoking the court's original jurisdiction under Rule 116? This question is answered in the negative.

Rule 24 states:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or of an officer thereof. (Code Secs. 17 and 22.) Amended May 17, 1951.

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer

194

or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

■ A party seeking to invoke the original jurisdiction of this court under Rule 116, must be able to show, prima facie at least, circumstances justifying the exercise of such jurisdiction. The rule may not be utilized to avoid the requirements of finality of judgments and orders set forth in Rule 111. Counsel, by the simple step of re-labeling the procedure by which review is sought, generally may not make a judicial order that is interlocutory in nature reviewable before final judgment is entered in the case.

■ With this thought in mind, we proceed to a determination of the basic issue involved; i.e., whether an order granting intervention is of such character and finality as to presumptively deny to other parties to the action any rights which could not be adequately reviewed after judgment by writ of error. We conclude that it is not.

Although the decisions on the nature of intervention are not unanimous, a great majority of the jurisdictions, which have decided the issue, have held such orders to be interlocutory. See the annotation on "Appealability of order granting or denying right of intervention," in 15 A.L.R. (2d) 336 at 377, and cases cited therein. Illustrative of these well reasoned cases is *United States ex rel. Rodriquez v. Weekly Publications, Inc.* (1944), C.A.

(2d) N.Y., 144 F. (2d) 186, decided under the Federal Rules. The court there stated:

" * * * The order up to the present time has done no more than add a new party plaintiff. Such an order is not final, and no appeal from it lies."

*Rodriquez* is completely in accord with the view previously expressed in *Morron v. McDaniel* (1953), 127 Colo. 180, 254 P. (2d) 862, where it was said:

"We * * * find no judgment in the record. No judgment was announced by the court; its only action being the announcement of its ruling on plaintiffs' motion. * * *

"We have repeatedly and consistently held that: 'If the order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. To be final, it must end the particular suit in which it is entered.' * * *

"There being no final judgment in the record, this in itself is sufficient to require the dismissal of the writs of error; * * * "

█ We limit our ruling here, however, to situations in which orders have been entered *allowing* intervention. The rule may not apply in cases in which the order *denies* the right to intervene. In the latter case situations may arise (such as where intervention is a matter of right) where the determination in the action may bind the intervenors and where the denial can be considered as a final order affecting the rights of the persons seeking to intervene. In such instances the order denying intervention may justify invoking the original jurisdiction of this court to prevent a denial or miscarriage of justice. In cases where the intervention sought is permissive, an order denying it is not reviewable by writ of error. See *Grijalva v. Elkins* (1955), 132 Colo. 315, 287 P. (2d) 970.

█ Petitioners strongly urge that the court erred in permitting respondents to intervene under the provi-

sions of Rule 24 (a), providing for Intervention of Right; alleging that permission should have been granted, if at all, only under the Permissive Intervention procedures of Rule 24 (b). We will not analyze the merits of these respective subsections as applied to the instant case, for we hold that where a party has been permitted (as contrasted to denied) intervention, as here, it is immaterial whether the intervention was allowed under subdivision (a) or (b) of the Rule.

As indicated, this distinction is important only where the motion to intervene has been denied, in which case it becomes important to determine whether the party seeking intervention was in fact a necessary party. If he is not a necessary party, his only recourse, upon suing out his writ of error, is to assert that the trial court abused its discretion in denying permissive intervention.

■ We hold, therefore, that where permission to intervene has been granted by the trial court, such a ruling may be reviewed by this court only after entry of final judgment in the action, and then only for possible abuse of judicial discretion.

We note, in the interest of averting future controversy over the issue in the case at bar, since the matter has been thoroughly briefed and presented to us, that, taking into consideration the substantial effect an adverse decision would have upon the vested rights and interests of the railroads, which have been charging and collecting the rates involved as the only lawful ones in existence for many years, it would have been an abuse of discretion of the trial court not to have permitted them to intervene under the circumstances shown.

The Rule is discharged.

Mr. Chief Justice Knauss and Mr. Justice Day not participating.