778 P.2d 302 (1989)
In the Matter of the DEATH OF Sharon K. SMITHOUR.
Kenneth Lee SMITHOUR and Stephen Michael Smithour, Petitioners,
v.
AMERICAN DREAM ENTERPRISES, INC.; Mary Young, Individually, and as Broker for American Dream Enterprises, Inc.; Susan Sanders and Phyllis Mason, Jointly and Severally d/b/a American Dream Realty; and the Industrial Claim Appeals Office of the State of Colorado, Respondents.
No. 88CA0867.
Colorado Court of Appeals, Div. IV.
April 20, 1989.
Rehearing Denied May 18, 1989.
Certiorari Denied August 14, 1989.
*303 Steven U. Mullens, P.C., Steven U. Mullens and James A. May, Pueblo, for petitioners.
Peterson & Fonda, P.C., William F. Mattoon, Pueblo, for respondents American Dream Enterprises, Inc., Mary Young, Susan Sanders and Phyllis Mason.
Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael P. Serruto, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.
REED, Judge.
Kenneth Lee and Stephen Michael Smithour (claimants) contest the final order of the Industrial Claim Appeals Office (Panel) setting aside the portion of the order of an Administrative Law Judge (ALJ) which imposed personal liability upon Susan Sanders and Phyllis Mason (respondents) for workmen's compensation benefits due as a result of the death of Sharon K. Smithour. We affirm the order of the Panel.
The ALJ found that Sharon Smithour was an employee of American Dream Enterprises, Inc. (the corporation), when she was killed in an automobile accident, and that, as a result, the corporation was liable for workmen's compensation benefits payable to claimants.
The ALJ further found that, at the time of the accident, the corporation was duly organized and in good standing to conduct business in the state of Colorado. However, because it treated Smithour as an independent contractor, instead of as an employee, the corporation had no workmen's compensation insurance in effect. This failure to maintain insurance was found by the ALJ to be intentional and willful on the part of the three shareholders-officers of the corporation. Accordingly, the ALJ concluded that, in addition to corporate liability, the three shareholders-officers were also personally liable because the corporate entity had been used for purposes of defeating or evading public policy.
Respondents are two of the shareholders-officers. Review of the proceedings concerning the third, Mary Young, has been stayed because of pending bankruptcy proceedings.
On review, the Panel set aside that portion of the order imposing personal liability *304 upon the shareholders-officers as being unsupported by the evidence.
Findings of fact by the ALJ are binding upon the Panel if they are supported by substantial evidence. May D & F v. Industrial Claim Appeals Office, 752 P.2d 589 (Colo.App.1988). Conversely, if the ALJ's findings of fact are not supported by substantial evidence, or if the ALJ's orders are not supported by the findings of fact or applicable law, then they are not binding upon the Panel and may be corrected or set aside. Section 8-53-111, C.R.S. (1988 Cum.Supp.).
To impose personal liability upon the shareholders of the corporation, it was claimants' burden to establish that the:
"Shareholders used the corporate entity as a mere instrumentality for the transaction of their own affairs without regard to separate and independent corporate existence, or for the purpose of defeating or evading important legislative policy, or in order to perpetrate a fraud or wrong on another...."
Micciche v. Billings, 727 P.2d 367 (Colo. 1986).
Claimants contend that the failure of the corporation to provide legally required workmen's compensation insurance for the protection of its employees sufficed, in and of itself, to satisfy this burden and that failure is sufficient to sustain a finding that the shareholders used the corporation to defeat or evade important legislative policy. No authority is cited in support of this proposition, and we are not persuaded that this per se piercing of the corporate veil is consistent with the legislative policy expressed in the Workmen's Compensation Act and the corporate code of Colorado. See Micciche v. Billings, supra.
Since the only evidence bearing on this issue was the failure of the corporation to maintain workmen's compensation insurance, we agree with the Panel that the test for piercing the corporate veil had not been met and that, accordingly, there was no proper basis for imposing personal liability on respondents.
The ALJ further concluded that § 8-42-101, C.R.S. (1986 Repl.Vol. 3B) constituted a bar to the assertion of "corporate status." The Panel, by its order, impliedly rejected this legal conclusion, and we agree. Section 8-42-101 is applicable only in an action against the employer for the latter's negligence resulting in personal injury or death and relates to the abrogation of enumerated common law defenses. None of those circumstances is relevant to the case at bar in which claimant is attempting to pierce the corporate veil in a workmen's compensation proceeding.
We find no error in the other issues raised by counsel.
Order affirmed.
TURSI and JONES, JJ., concur.