Lynn BAILEY, Individually and as Personal Representative of the Estate of Donald Bailey, and Megan D. Bailey, Minor, by Parent Lynn Bailey, Plaintiffs–Appellants,

v.

C.P. CONSTRUCTION, INC. and Charles Phillips, Defendants–Appellees.

No. 91CA0462.

Colorado Court of Appeals,
Div. II.

April 23, 1992.

Rehearing Denied May 21, 1992.

Certiorari Denied Oct. 13, 1992.

Stafford & Stafford, P.C., John T. Stafford, Jr., Lakewood, for plaintiffs-appellants.

Burrus, Pratt, McNerny & Colantuno, P.C., John E. Burrus, Englewood, for defendants-appellees.

Opinion by Judge CRISWELL.

Plaintiffs, Lynn and Megan Delou Bailey, appeal from the summary judgment dismissing their claims against defendants, C.P. Construction, Inc. (CPCI) and Charles Phillips, its president and sole shareholder, for the accidental death of Donald Bailey. We affirm.

Donald Bailey was killed while cleaning a tar tank at a warehouse occupied by CPCI and another company, Foothills Material and Supply, Inc. (Foothills). Bailey was employed, on occasion, by both companies. The evidence would support the inference that he would be on CPCI's payroll for the first 40 hours of the workweek, and he would then be transferred to Foothills' employ for the remainder of that week, so that CPCI would escape any liability for overtime pay either under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) (1988), or under the comparable state statute, § 8-6-111(4), C.R.S. (1986 Repl.Vol. 3B).

Plaintiffs sought workers' compensation benefits, naming CPCI as Donald Bailey's employer. They also brought this action against CPCI, Phillips, Foothills, and the manufacturer and seller of the tar tank.

Before completion of discovery, the trial court entered its summary judgment, dismissing the claims against CPCI and Phillips on the ground that plaintiffs' exclusive remedy against these parties was under the Workers' Compensation Act (the Act), § 8-40-101, et seq., C.R.S. (1991 Cum. Supp.). Foothills, as well as the manufacturer and the seller of the tank, remain as

party defendants in the trial court and are not parties to this appeal.

After dismissal of plaintiffs' claims against it, the remaining defendants designated CPCI as a statutory nonparty under § 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A). Plaintiffs filed a motion to reconsider the dismissal of their claims against CPCI and Phillips or, in the alternative, to strike the designation of CPCI as a statutory nonparty. The trial court certified the order dismissing the claims against CPCI and Phillips as final judgments under C.R.C.P. 54(b), but denied the motion to reconsider its order of dismissal or to strike the designation of CPCI as a statutory nonparty.

## I.

■ With respect to plaintiffs' assertion that the court erred in allowing CPCI to be named as a statutory nonparty under § 13–21–111.5 after it was dismissed as a party, defendants argue that such claim of error cannot be resolved in the present appeal. We agree.

Review of the court's order dismissing CPCI and Phillips as parties is appealable to this court only because that order disposed of an entire claim and the court entered an appropriate order under C.R.C.P. 54(b). *See Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

The order allowing the remaining defendants to add CPCI as a statutory nonparty, however, came after the entry of the order dismissing it as a party. And, it addressed a subject wholly separate from the subject of CPCI's dismissal as a party defendant. The order allowing CPCI to be named as a statutory nonparty, therefore, is irrelevant to our consideration of the propriety of the court's dismissal of CPCI as a party.

The trial court did not attempt to certify the order designating the nonparty as a judgment under C.R.C.P. 54(b). Moreover, any such certification would have been ineffective, because such an order is merely interlocutory, does not dispose of an entire claim, and cannot, therefore, be made a judgment under C.R.C.P. 54(b). *See Harding Glass Co. v. Jones, supra; Groendyke Transport, Inc. v. District Court,* 140 Colo. 190, 343 P.2d 535 (1959) (order allowing intervention is not appealable).

■ Finally, CPCI's status as a statutory nonparty in the ongoing litigation between plaintiff and the other defendants affects the rights and liabilities of those other defendants. Yet, plaintiff has not made those defendants parties to this appeal. In their absence, we cannot adjudicate a matter which would affect their legal interests. *See Civil Service Commission v. District Court,* 186 Colo. 308, 527 P.2d 531 (1974).

## II.

■ Plaintiffs first contend that the trial court erred in entering a protective order limiting discovery to the issues raised by defendants' motion to dismiss and by prematurely entering summary judgment before completion of discovery on those issues. We do not address these procedural issues because, even if plaintiffs prevailed on those issues, it would not affect the merits of their appeal.

Any error in the granting of the protective order and the timing of the summary judgment was harmless. Defendants answered the requests for admissions and interrogatories and provided the documents that were relevant to the motion for summary judgment, and plaintiffs were able to complete discovery on those issues after the entry of summary judgment. As we note below, the resulting evidence was presented to the trial court in support of their motion for reconsideration, but it was insufficient to raise a genuine issue of material fact that would preclude summary judgment.

## III.

■ Worker's compensation is an employee's exclusive remedy against an employer for a work-related injury. Therefore, an employer who has complied with the insurance provisions of the Act is immune from any common law liability for such injuries. *Popovich v. Irlando,* 811 P.2d 379 (Colo.1991); *Rodriquez v. Nurser-*

*ies, Inc.,* 815 P.2d 1006 (Colo.App.1991). This immunity extends to the injured worker's co-employees. *Popovich v. Irlando, supra; Kandt v. Evans,* 645 P.2d 1300 (Colo.1982).

Here, CPCI claimed immunity as Bailey's employer, and the record shows that it had a workers' compensation insurance policy in effect at the time of the accident. As president of CPCI, Phillips, a co-employee, would also be immune from suit. *See* 2A A. Larson, Workmen's Compensation Law § 72.24(a) (1990).

■ Plaintiffs contend, however, that whether CPCI or Foothills was Bailey's employer at the time of the accident was an unresolved question of fact that precluded summary judgment. We disagree.

Viewed in the light most favorable to plaintiffs, the record shows that Bailey was employed by CPCI for 40 hours a week, but was loaned to Foothills whenever his weekly hours might exceed 40, even though he continued to perform CPCI work. However, the accident here occurred on a Monday, and he had worked ten hours that day. Thus, even under plaintiffs' theory, he would not have been on loan to Foothills when the accident occurred.

Further, the undisputed evidence was that CPCI, not Foothills, paid Bailey for his work that day. It was also uncontroverted that the tar tank and truck belonged to CPCI, and Phillips stated unequivocally that Bailey was employed by CPCI when the accident occurred. In addition, the president of Foothills also stated unequivocally that Bailey was not working for that company when the accident occurred.

The affidavit and deposition testimony from other CPCI employees relied upon by plaintiffs state that, under CPCI's practice, Bailey could have been working for either Foothills or CPCI. The thrust of these averments was that the employees were not told when a change in their employment status was to be made. This evidence, however, was insufficient, in light of the other specific evidence upon the point, to raise a genuine question whether Bailey was employed by CPCI on the day in question.

■ We also conclude that this undisputed evidence cannot, as a matter of law, support plaintiffs' contention that CPCI was a "borrowing employer" under the rationale of *Continental Sales Corp. & Stookesberry,* 170 Colo. 16, 459 P.2d 566 (1969). Here, all of the evidence is to the effect that decedent was employed by CPCI, but he would be "loaned" to Foothills at the end of the week. And, as plaintiffs' evidence demonstrated, this loaning was the result of an agreement between CPCI and Foothills to which Bailey was not a party; the loaning was not, therefore, the result of any new contract of hire between Bailey and Foothills. Under these circumstances, CPCI continued to be "solely responsible" to provide workers' compensation benefits under *Continental Sales Corp. v. Stookesberry, supra,* and therefore, it continued to enjoy statutory immunity from suit.

### IV.

■ Plaintiffs contend, however, that CPCI and Phillips waived the immunity afforded by the Act by engaging in a scheme with Foothills to avoid paying overtime to employees. We disagree.

We see no necessary relationship between the policies underlying the Act and those which prompted passage of the Fair Labor Standards Act or its state counterpart. Certainly, here, even if it could be said that CPCI's actions were designed to decrease the overtime pay obligations under the pertinent statutes, such violation would have had no effect upon plaintiffs' rights under the Act. There is, therefore, no rational basis upon which to conclude that a violation of the pay statutes should result in a withdrawal of the immunity from suit granted by the Act. *See In re Death of Smithour,* 778 P.2d 302 (Colo. App.1989) (corporation's failure to maintain workers' compensation insurance did not justify piercing corporate veil to make shareholders personally liable for benefits).

### V.

■ Plaintiffs also argue that the provisions of the statute which is now § 8–41–

403(1), C.R.S. (1991 Cum.Supp.) operates to eliminate any employment relationship that might otherwise have existed between CPCI and Bailey under the Act. This argument is, in our view, untenable.

At the time of Bailey's death, present § 8–41–403(1) was a part of Article 48, Title 8. Article 48 had only a single part, consisting of §§ 8–48–101, 8–48–102, and 8–48–103, C.R.S. (1986 Repl.Vol. 3B).

Section 8–48–101 defined the liability for the workers' compensation benefits of a party who engaged in conducting any business by leasing or contracting out a part of that business to a lessee or subcontractor. Section 8–48–102 defined the liability of an owner of real property who contracted out to another person any work to be done to such property, in those instances in which that other person hired or used employees in the performance of such work. In both instances, these two statutes deemed the party contracting out the work to be the statutory employer of the lessee or the subcontractor and its employees, even in the absence of any actual employment relationship between them. *See Finlay v. Storage Technology Corp.*, 764 P.2d 62 (Colo.1988).

Section 8–48–103(1), C.R.S. (1986 Repl. Vol. 3B) created an exception to the rule of liability established by the two preceding statutes. That statute said:

> The provisions of *this article* shall not apply to any lessor or sublessor of real property who rents or leases real property to any lessee or sublessee for the purpose of conducting the business of such lessee or sublessee, whether as a franchise holder, independent agent, or consignee or in any other separate capacity and whether or not such person is an employer, as defined in section 8–41–105, but in no event where such lessee or sublessee is an employee, as defined in section 8–41–106(1)(b). (emphasis added)

Read in context with §§ 8–48–101 and 8–48–102, § 8–48–103(1) essentially provided that a lessor would not be deemed to be a *statutory* employer subject to the Act, if the lessee conducted its own business on the property. But, because the applicability of § 8–48–103(1) was expressly limited to the provision of Article 48 ("this article"), which related only to statutory employment, that statute did not apply if the lessor or sublessor had an actual employment relationship with a worker.

In 1990, the Act, including Article 48, was repealed and reenacted. Colo.Sess. Laws 1990, ch. 62 at 576. The three statutes that formerly constituted Article 48 became part 4 of Article 41 of Title 8. *See* Colo.Sess.Laws 1990 at 481–484. However, the recodified provision, § 8–41–403, continued to refer to "[t]he provisions of *this article.*"

Nevertheless, nothing in the 1990 legislation indicates any intent to change the substantive effect of these statutory provisions. Hence, in spite of the General Assembly's failure to convert the word "article" to "part" when Article 8 was recodified, we are convinced that its legal effect is the same now as it was before its 1990 recodification. Section 8–41–403(1), therefore, continues to constitute an exception only to the concept of statutory employment; it is inapplicable in those instances in which the evidence establishes an actual employment relationship between the parties.

Here, the employment relationship between CPCI and Bailey resulted from an express contract of hire. *See* 8–40–202(1)(b), C.R.S. (1991 Cum.Supp.). Thus, neither § 8–41–403(1) nor the cases applying it, such as *Bain v. Doyle*, 807 P.2d 1225 (Colo.App.1990), have any application to that relationship.

The judgment is affirmed.

SMITH and HUME, JJ., concur.