Opinion by JUDGE LOEB
*497 ¶ 1 State Farm Mutual Automobile Insurance Company (State Farm) appeals from the district court's order denying its motion to intervene in this personal injury action filed by plaintiffs, Maranda G. Mauro, by and through her father, Walter J. Mauro, Jr., and Walter J. Mauro, Jr. individually. We reverse and remand with directions.
I. Procedural History and Background
¶ 2 In 2009, Maranda Mauro was a passenger in a vehicle owned by S.O. B.C. was driving the vehicle when he caused an accident and Ms. Mauro was injured. On her behalf, Ms. Mauro's father filed a complaint against B.C. and S.O., among others. B.C. and S.O. were insured by State Farm, and a State Farm lawyer represented them in defense of the personal injury action.
¶ 3 In July 2011, Ms. Mauro's father filed a motion pursuant to C.R.C.P. 26(c) requesting a protective order approving a proposed confidentiality agreement covering his and his daughter's medical, school, employment, and tax records.
¶ 4 State Farm sought to intervene in the litigation pursuant to C.R.C.P. 24(b) for the limited purpose of opposing the protective order.[1] State Farm argued that it should be allowed to intervene because complying with the protective order would cause it undue burden and expense, as well as conflict with its duties under state and federal law. State Farm further argued that its interests, as related solely to the limited question of the impact of the protective order on its record-keeping systems and obligations, were not adequately represented by counsel for B.C. and S.O. in the underlying tort action. The Mauros did not object to the motion.
¶ 5 In August 2011, the district court entered a protective order without expressly ruling on State Farm's motion to intervene. In pertinent part, the order provided that all confidential information provided by the Mauros in response to discovery requests "shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever, [and] ... shall not be communicated or disclosed ... to anyone except for purposes of this case." The order specifically provided that "insurance claims personnel," among other individuals, were authorized to review confidential information disclosed or produced in discovery. Further, the protective order provided that, upon conclusion of the litigation,
...all documents subject to this order and any compilation or recording of the information they contain, will be certified by opposing counsel to have been destroyed or will be returned to the plaintiff or those documents being retained shall be identified in writing, to plaintiff's counsel and the purpose(s) for such retention declared together with acknowledgment that continued confidentiality of the disclosed records and information will be maintained.
¶ 6 State Farm interpreted this protective order as a constructive denial of its motion to intervene, and appealed it as such. A division of this court dismissed that appeal for lack of a final order, concluding that State Farm's motion to intervene was still pending before the district court for a ruling.
¶ 7 In May 2012, State Farm filed a renewed motion to intervene pursuant to both C.R.C.P. 24(a) and (b), again for the limited purpose of challenging the protective order. The Mauros objected to the second motion to intervene, arguing that State Farm should not be permitted to intervene as a matter of right pursuant to C.R.C.P. 24(a) because (1)
*498 its only interest in the tort litigation was to represent its insured customers, and this interest was not impacted by the protective order; (2) its intervention would "open a Pandora's Box allowing insurance companies to enter and exit lawsuits on select issues without limitation"; and (3) its interests were adequately represented by its corporate counsel who was representing B.C. and S.O. in the litigation. For the same reasons, the Mauros also argued that State Farm should not be allowed to permissively intervene pursuant to C.R.C.P. 24(b).
¶ 8 In June 2012, the district court denied State Farm's motion to intervene, stating that, "The Court adopts the arguments made by Counsel for the Plaintiff in the Response as its legal reasoning for the ruling on this matter."
¶ 9 This appeal followed.
II. Intervention as of Right
¶ 10 State Farm contends that the district court erred by denying its motion to intervene as a matter of right to challenge the protective order. It argues that, because the protective order limits its use of the Mauros' records solely to litigation purposes and then requires it to return or destroy those records once the litigation is complete, it thereby impedes State Farm's compliance with state and federal insurance regulatory laws, prohibits it from performing functions expressly authorized by insurance regulations, conflicts with State Farm's electronic claims handling systems, and threatens economic injury. State Farm further contends that these interests are not adequately represented by State Farm's counsel representing B.C. and S.O. in defense of Ms. Mauro's tort claims.
A. Standard of Review and Applicable Law
¶ 11 We review de novo the denial of a motion to intervene as of right pursuant to C.R.C.P. 24(a). Feigin v. Alexa Grp., Ltd., 19 P.3d 23, 24 (Colo.2001).
¶ 12 C.R.C.P. 24(a)(2) provides for intervention as of right where (1) the applicant claims an interest in the subject matter of the litigation; (2) disposition of the action may impair or impede the applicant's ability to protect that interest; and (3) the applicant's interest is not adequately represented by existing parties. Feigin, 19 P.3d at 26. C.R.C.P. 24 should be liberally interpreted to allow, whenever possible and compatible with efficient and due process, issues related to the same transaction to be resolved in the same lawsuit and at the trial court level. Feigin, 19 P.3d at 26; O'Hara Grp. Denver, Ltd. v. Marcor Housing Sys., Inc., 197 Colo. 530, 541, 595 P.2d 679, 687 (1979).
B. Interest in the Action
¶ 13 Colorado has a "flexible approach" to determining whether a party possesses an interest in intervening under C.R.C.P. 24(a)(2), and the supreme court has held that the existence of an interest "should be determined in a liberal manner" and the interest requirement "should not be viewed formalistically." Feigin, 19 P.3d at 29 ; see O'Hara Grp., 197 Colo. at 541, 595 P.2d at 687. This requirement is a prerequisite rather than a determinative criterion for intervention. Feigin, 19 P.3d at 29 ; O'Hara Grp., 197 Colo. at 541, 595 P.2d at 687.
¶ 14 When determining whether intervention is proper, we examine only what interest is claimed by the intervenor, not whether he or she will ultimately be successful in litigating it. Bruce W. Higley, D.D.S., M.S., P.A. Defined Benefit Annuity Plan v. Kidder, Peabody & Co., 920 P.2d 884, 890 (Colo.App.1996).
¶ 15 Historically, parties have typically relied on Rule 24(b), rather than Rule 24(a), in seeking to intervene for the limited purpose of challenging a protective order. See e.g., Griffith v. Univ. Hosp., L.L.C., 249 F.3d 658, 661-62 (7th Cir.2001) ; United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir.1990) ; see also 8A Charles Alan Wright et al., Federal Practice and Procedure § 2044.1 (3d ed.2007) (explaining that the common manner by which nonlitigants seek modification of a protective order is to move for intervention under Rule 24(b), and that there is a considerable body of law affirming the propriety of such limited intervention). However, in those cases typically *499 pursued under Rule 24(b), third parties have requested intervention in order to change a protective order for the purposes of related but separate litigation. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 473-74 (9th Cir.1992) ; United Nuclear, 905 F.2d at 1427 ; Meyer Goldberg, Inc. v. Fisher Foods, Inc., 823 F.2d 159, 160-61 (6th Cir.1987) ; In re Ethylene Propylene Diene Monomer Antitrust Litig., 255 F.R.D. 308, 316 (D.Conn.2009).[2] Here, by contrast, State Farm's interests relate directly to the specific terms of the protective order requested and entered in this particular lawsuit, and how compliance in this particular instance will impact the company.
¶ 16 We conclude that, at a minimum, State Farm's ability to comply with state law and insurance regulations as applicable to Ms. Mauro's claim is "an interest relating to the property or transaction which is the subject of the action," as required under the first prong of C.R.C.P. 24(a)(2).
C. Impairment of Interest
¶ 17 An intervenor's interest is impaired if the disposition of the action in which intervention is sought will prevent any future attempts by the applicant to pursue the asserted interest. Feigin, 19 P.3d at 30. When there are alternative forums in which to bring a suit, an intervenor is neither impaired nor impeded in its ability to protect its interests under C.R.C.P. 24(a)(2). Feigin, 19 P.3d at 30. We conclude that here State Farm has no other practical alternative for challenging the protective order but to request intervention.
¶ 18 Although parties to an action might request a writ of prohibition to challenge protective orders, e.g., Kerwin v. District Court, 649 P.2d 1086, 1088 (Colo.1982), Colorado law does not make clear whether nonparties can challenge a protective order pursuant to C.A.R. 21, especially after the underlying action is concluded. See Stiger v. Dist. Court, 188 Colo. 407, 409, 535 P.2d 508, 509 (1975) ("Prohibition is a generally a preventive remedy and usually issues only to prevent the commission of a future act, rather than undo an act already performed.").
¶ 19 The "impairment" prong typically questions whether there is a clear alternative venue in which the proposed intervenor may pursue relief. E.g., Feigin, 19 P.3d at 30 (rejecting intervention in government enforcement action where the result would not preclude private suits on the same matter); In Interest of K.L.O-V., 151 P.3d 637, 641 (Colo.App.2006) (denying intervention because applicant could institute a separate proceeding under an applicable statute). In our view, no clear alternative exists here. Furthermore, as already noted, intervention is typically regarded as the proper procedural route for challenging a protective order. Thus, we conclude the second prong of C.R.C.P. 24(a)(2) is satisfied.
D. Adequate Representation
¶ 20 The third requirement for intervention as a matter of right under C.R.C.P. 24(a)(2) is that the intervenor's interest must not be adequately represented by the existing parties to the action. Feigin, 19 P.3d at 31. "If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented." Id. (quoting 7C Charles Alan Wright, et al., Federal Practice and Procedure § 1909, 318 - 19 (2d ed.1986) ).
¶ 21 Although State Farm retained defense counsel to represent B.C. and S.O., its insured clients, defense counsel's overriding interest is to minimize or avoid liability on the part of B.C. and S.O., not to address *500 State Farm's particularized interests regarding the use and retention of the Mauros' records. Thus, defense counsel represents the interests of the insureds in connection with the underlying tort claims, but does not, in our view, represent State Farm's interests as related to the protective order. See Colo. Bar Ass'n Ethics Comm. Formal Op. 91 (1993) (where an insurance carrier retains a lawyer for the insured, the lawyer's client is the insured and not the carrier). Indeed, the record reflects that State Farm's insureds, B.C. and S.O., stated in response to the Mauros' motion for a protective order that "State Farm's counsel is best suited to address the insurance company's concerns since [B. C.'s] and [S.O.'s] main concerns are making sure they are fully protected." Accordingly, we conclude that State Farm met its burden of establishing the third prong of C.R.C.P. 24(a)(2).
E. Conclusion
¶ 22 "The legal concept of intervention is based upon the natural right of a litigant to protect himself from the consequences of an action against one in whose cause he has an interest, or by the result of which he may be bound." Grijalva v. Elkins, 132 Colo. 315, 318, 287 P.2d 970, 972 (1955). State Farm is entitled to a full and fair opportunity to challenge the protective order which affects it directly. We conclude that State Farm meets all the requirements of C.R.C.P. 24(a) and has a limited right to intervene in this case. Accordingly, we reverse the district court's order denying its renewed motion to intervene.
III. Remaining Contentions
¶ 23 Because we reverse the order denying intervention as a matter of right, we need not analyze State Farm's additional contentions regarding C.R.C.P. 24(b) or the need for an evidentiary hearing on its motion to intervene. See Groendyke Transp., Inc. v. Dist. Court, 140 Colo. 190, 196, 343 P.2d 535, 538 (1959) ("[W]here a party has been permitted ... intervention ... it is immaterial whether the intervention was allowed under subdivision of (a) or (b) of the Rule.").
IV. Protective Order
¶ 24 State Farm requests that we vacate the protective order entered by the district court. We decline to do so. To ensure that both parties have the opportunity to fully brief and argue this issue, we remand the case to the district court to allow State Farm to challenge the protective order. We express no opinion on the merits of the parties' contentions regarding the protective order itself, as that order is not before us on appeal.
¶ 25 The June 2012 order is reversed, and the case is remanded to the district court with directions to grant State Farm's motion to intervene for the purpose of challenging the protective order.
JUDGE TERRY and JUDGE NAVARRO concur.

State Farm contemporaneously filed a written response opposing Mauro's motion for a protective order.

Nevertheless, federal cases interpreting the federal counterpart to C.R.C.P. 24 uniformly hold that the preferred method for objecting to protective orders is through intervention in general, without specific reference to Rule 24(a) or (b). See Rohrbough v. Harris, 549 F.3d 1313, 1324 n.3 (10th Cir.2008) ; Griffith, 249 F.3d at 661 ("We have recognized that intervention is the procedurally appropriate course for third-party challenges to protective orders.") (internal quotation omitted); United Nuclear, 905 F.2d at 1427 ("The courts have widely recognized that the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose."); Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 783 (1st Cir.1988) ("Relying on the language of Rule 24, the Fifth Circuit has previously held that intervention is 'the procedurally correct course' for third-party challenges to protective orders.").