## No. 20,313.

DENVER CHAPTER COLORADO MOTEL ASSOCIATION, INC.,
ET AL., *v.* CITY AND COUNTY OF DENVER, ET AL.
(374 P. [2d] 494)

Decided September 17, 1962.

Mr. C. HAMILTON EVANS, Mr. CHARLES S. THOMAS, for plaintiffs in error.

Mr. ROBERT S. WHAM, Mr. TEDFORD DEES, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiffs in error as petitioners, to the City and County of Denver as the City, and to Thomas G. Currigan as the auditor.

In March 1961, the Manager of Public Works of the City solicited proposals for the construction, operation and leasing of a hotel on certain ground at the airport operated by the City. The mayor of the City, with the approval of his cabinet, proposed to enter into a contract with an architect for the purpose of securing advice and expert analysis of proposals which would be received with reference to the contemplated hotel operation. April 13, 1961, the auditor refused to sign the proposed contract. August 28, 1961, the City filed an action in the district court in the nature of mandamus seeking a decree requiring the auditor to approve the contract. Shortly thereafter the council of the City adopted an ordinance authorizing the expenditure of $3,000.00 to compensate the architect for the services covered by the contract. On September 18, the city council by ordinance approved the proposed contract and the previous appropriation, and authorized, directed and empowered the proper municipal officers, " * * * to take such actions as may be necessary and desirable to implement such contract * * * ."

The auditor again refused to approve the proposed contract and thereafter the City filed an amended and Supplementary Complaint in which the prayer for relief sought the entry of a decree "directing the * * * Auditor * * * forthwith to countersign and register the said contract * * * " which the City proposed to make

with the architect. The auditor, appearing by special counsel, filed his answer.

The petitioners sought to intervene in the action in a so-called taxpayer's class action under Rule 24, C.R.C.P. The trial court, after oral argument, denied the application to intervene on the grounds that: (1) Applicants failed to show that they had any interest in the property involved; (2) the applicants have no rights directly involved; and (3) the applicants are properly protected and adequately represented through Thomas G. Currigan, as Auditor of the City, through his attorneys. The court dispensed with any further hearing on the application to intervene and held that such action by the court was a final order.

As grounds for reversal of the judgment it is contended by counsel for petitioners that:

"(1) As individual taxpayers, or otherwise, and as representatives of the class thereof, the plaintiffs have a right of action,

"(2) Representation of the plaintiffs' interests by existing parties is, or may be, inadequate,

"(3) The plaintiffs are, or may be, bound by a judgment in the subject action."

In opposition to these contentions counsel for the City assert, among other propositions which we need not mention, that:

"I. Applicants have no right to intervene under Rule 24 (a) (2) C.R.C.P.

"II. A taxpayer cannot intervene in an action brought by or against a municipality in the absence of fraud or some similar factor."

The main thrust of petitioners' argument is that their right to intervene is absolute and not permissive under R.C.P. Colo. 24 (a) (2), the pertinent part of which reads as follows:

"Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties

is or may be inadequate and the applicant is or may be bound by a judgment in the action * * * ."

Under the record as presented to us it was a matter which rested within the discretion of the trial court as to whether the petition for intervention should . be granted. There was no showing upon which the intervention of petitioners should have been granted as a matter of right. We agree with the statement of the applicable rule which is found in 4 *Moore's Federal Practice,* 2d ed., at §24.08, as follows:

"Intervention under subdivision (a) (2) must be predicated upon both of the factors referred to therein, i.e., that the intervener's interest is or may be inadequately represented and that he would or might be bound by a judgment in the action. * * *

"Even though the applicant might be bound by the judgment, *he cannot intervene as of right if he is in fact adequately represented by the existing parties to* the action. * * * Inadequacy of representation is shown if there is proof of collusion between the representative and an opposing party, if the representative has or represents some interest adverse to that of the petitioner, or fails because of nonfeasance in his duty of representation. * * *

"Taxpayers and ratepayers have not fared very well in their efforts to secure an absolute right of intervention. *Representation by the governmental authorities is considered adequate in the absence of gross negligence or bad faith on their part* * * * ." (Emphasis supplied.)

An applicant for intervention under Rule 24 (a) (2) must show both that the representation of his interest by existing parties is or may be inadequate and that the applicant is or may be bound by the judgment in the action, and neither element, standing alone, is sufficient. If either factor is missing, there is no absolute right of intervention.

In their brief, at page 6, the petitioners make the statement that, "We also wish to make it clear that

nothing said herein is intended to distract from the proven adequacy and ability of both the Auditor and his counsel." There could not be a clearer admission and confession that the interests of the applicants, if any, are now adequately represented in this action. In *Noble v. City of Lincoln*, 158 Nebr. 457, 63 N.W. (2d) 475, 484, the court considered the effect of similar admission by parties seeking to intervene in an action. In that case the petition of the applicants for intervention stated that the City of Lincoln was defending the suit "on the basis of its good faith." The court denied intervention, saying, "This negatives any inference of fraud, collusion or inattention or that their interest in the litigation as taxpayers was not being properly represented. Taxpayers are not qualified to intervene in matters of public interest that are prosecuted or defended for a governmental subdivision by its proper officials. [Citing cases]"

■ We are not unmindful of the rule under which a taxpayer may bring an action, in the first instance, against a municipality and its officers in some situations, such as where one of the municipal officers is illegally expending funds, or where the corporate officers fail or refuse to prosecute or defend an action. This is different, however, from a situation where litigation is already in progress, being prosecuted or defended, or both, by the proper corporate officers of a city. In the absence of such factors as fraud, collusion, bad faith and the like, a taxpayer cannot intervene as a matter of absolute right. *Rhyne on Municipal Law*, Sec. 31-3, p. 794; 2 *Antieau on Municipal Corporation Law*, Sec. 16.15, p. 500.

The judgment is affirmed.