v.

**K.L.M., Respondent-Custodial Parent and Appellee,**

**And Concerning C.A.H., Grandchild.**

**No. 86CA1882.**

Colorado Court of Appeals, Div. III.

June 25, 1987.

Polidori, Rasmussen, Gerome & Jacobson, Dennis J. Jacobson, Lakewood, for petitioners-appellants.

G. Daniel Whittaker, Denver, for respondent-custodial parent and appellee.

CRISWELL, Judge.

F.H. and B.H. (grandparents) appeal the judgment of the district court which dismissed their petition for grandparent visitation rights. The only issue presented here is whether a proceeding under the Uniform Parentage Act, § 19–6–101, et seq., C.R.S. (1986 Repl.Vol. 8B), wherein the court enters a child custody order, is a "child custody case" for the purpose of the grandparent visitation statute, § 19–1–116, C.R.S. (1986 Repl. Vol. 8B). We hold that such proceedings do constitute such a child custody case and reverse the district court judgment.

The mother of C.A.H., a child born out of wedlock, brought an action under the Uniform Parentage Act in the Denver Juvenile Court to have R.A.H. declared to be the father. Such a judicial declaration was entered and, in addition, that court entered an order awarding custody to the mother and requiring support payments from the father. The father was granted visitation rights. These ancillary orders are specifically authorized by § 19–6–116, C.R.S. (1986 Repl.Vol. 8B).

Thereafter, the paternal grandparents filed a petition with the Adams County District Court, seeking visitation rights pursuant to the provisions of § 19–1–116. Without reaching the merits of that petition, however, that court ultimately entered an order dismissing that petition, concluding that the grandparents had no standing

to request formal visitation rights under that statute.

Section 19–1–116(1) provides that:

*"Any grandparent* of a child may, in the manner set forth in this section, seek a court order granting him reasonable grandchild visitation rights *when there is or has been a child custody case.* Because cases arise which do not directly deal with child custody but nonetheless have an impact on the custody of a child, for the purposes of this section, a 'child custody case' *includes* any of the following, whether or not child custody was specifically an issue:

(a) The marriage of the child's parents has been declared invalid or has been dissolved by a court, or a court has entered a decree of legal separation with regard to such marriage;

(b) Legal custody of the child has been given to a party other than the child's parent, or the child has been placed outside of and does not reside in the home of his parent, excluding any child who has been placed for adoption or whose adoption has been legally finalized; or

(c) The child's parent, who is the child of the grandparent, has died." (emphasis added)

The mother contends, and the trial court concluded that, because proceedings under the Uniform Parentage Act are not specifically referred to in any portion of the foregoing statute, such proceedings cannot be considered to be a "child custody case" for purposes of that statute. We disagree.

An act must be viewed in light of its statutory purpose. Thus, the entire Act must be read and construed in context. *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976). The General Assembly has declared that the provisions of the Colorado Children's Code, § 19–1–101, et seq., C.R.S. (1986 Repl. Vol. 8B), are to be liberally construed to serve the welfare of each child and the best interests of society and to preserve and strengthen family ties whenever possible.

Section 19–1–102, C.R.S. (1986 Repl.Vol. 8B).

■ The rule of "ejusdem generis" that general words are limited by an enumeration of specific items is used to construe general words in a statute only when the general words follow, rather than precede, an enumeration of particular classes of persons or things. *See Lyman v. Town of Bow Mar,* 188 Colo. 216, 533 P.2d 1129 (1975). In this statute the general category, "child custody case," precedes the specific enumeration of the other classifications set out, and thus, the rule is inapplicable. Further, the word "include" is ordinarily used as a word of extension or enlargement. *Lyman v. Bow Mar, supra.* Here, the enumeration of the types of cases which are to be construed as child custody cases is merely illustrative, not exclusive.

■ Moreover, the purpose of § 19–1–116 is to allow a court, in instances where a child custody order has already been entered, to authorize, if otherwise appropriate, the child's grandparents to visit with the child. Here, an order awarding custody of the child to the mother had already been entered by the Denver Juvenile Court at the time the grandparents filed their petition with the Adams County District Court. In our view, proceedings under the Uniform Parentage Act, at least where a child custody order has actually been entered, is a child custody case for purposes of conferring standing upon grandparents to petition for visitation under § 19–1–116.

The judgment is reversed and the cause is remanded to the district court for further proceedings consistent with the views expressed herein.

KELLY and TURSI, JJ., concur.