**In re the MARRIAGE OF Linda K. DAVISSON, n/k/a Linda Peterson, Appellee,**

**and**

**Kevin E. Davisson,**

**and Concerning Ethel Kay Eichheim, Intervenor–Appellant.**

**No. 89CA0784.**

Colorado Court of Appeals, Div. II.

June 28, 1990.

As Modified on Denial of Rehearing Aug. 30, 1990.

Shade, Doyle, Klein, Otis & Frey, Henry C. Frey, Greeley, for appellee.

Michael A. Varallo, Greeley, for intervenor-appellant.

Opinion by Judge METZGER.

Ethel Kay Eichheim (grandmother) appeals the order dismissing her motion for grandparent visitation with the child of her daughter, Linda Peterson (mother). We reverse and remand for further proceedings.

The marriage between the mother and the child's biological father was dissolved in 1984. The mother then remarried and her second husband adopted the child in a stepparent adoption. Following an estrangement between the grandmother and mother, the grandmother sought visitation rights to her grandchild pursuant to § 19–1–117(1)(a), C.R.S. (1989 Cum.Supp.). The trial court granted the mother's motion to dismiss.

Section 19–1–117 provides in pertinent part:

"(1) Any grandparent of a child may ... seek a court order granting him reason-

able grandchild visitation rights when there is or has been a child custody case.... [A] 'child custody case' includes any of the following, whether or not child custody was specifically an issue:

"(a) That the marriage of the child's parents has been declared invalid or has been dissolved by a court or that a court has entered a decree of legal separation with regard to such marriage...."

The mother successfully argued to the trial court that this statute was inapplicable because the marriage between the mother and the child's adoptive father had not been dissolved. The grandmother argued that this statute was applicable because the marriage between the mother and the child's natural father had been dissolved. We agree with the grandmother.

■ The primary goal of statutory interpretation is to effect the intent of the General Assembly. Sections 2–4–203 and 2–4–212, C.R.S. (1980 Repl.Vol. 1B). If possible, a statute should be interpreted so as to give consistent, harmonious, and sensible effect to all of its parts, and its words and phrases should be given effect according to their plain and ordinary meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986).

■ The legislative history of the statute in question evidences the General Assembly's awareness of the issue raised here. Two of the witnesses speaking before the House Judiciary Committee in favor of this bill urged its adoption because they wished to visit their grandchildren over the objection of their daughter. Hearings on S.B. 124 before the House Judiciary Committee, 52nd General Assembly, 2nd Session, February 26, 1980. The statute as enacted contains no prohibition of that type of request, and we decline to engraft one. *See F.H. v. K.L.M.*, 740 P.2d 1006 (Colo.App. 1987).

The language used in the statute also reflects the General Assembly's intent. Section 19–1–117(1) allows a grandparent to petition for visitation when there *is or has been* a child custody case. And,

§ 19–1–117(1)(a) includes in its explanation of "child custody case" the situation in which "the marriage of the child's parents ... *has been* dissolved by a court...." (emphasis added) Thus, contrary to the mother's contention, we conclude that the General Assembly did not intend to limit this statute's viability to the parents' marital status at the time the visitation motion is filed.

In *In re Marriage of Aragon*, 764 P.2d 419 (Colo.App.1988), we were confronted with a similar problem. There, the paternal grandmother had obtained an order allowing visitation following dissolution of the parents' marriage and an award of custody to the mother. The mother later remarried and the stepfather adopted the child. Thereafter, the mother refused to allow the grandmother to visit the child, arguing that the final decree of adoption had divested the grandmother of standing to seek visitation under the statute.

We rejected that argument and held that "the legislative scheme evinces an intent to allow grandparent visitation in the case of dissolution of marriage or death of a parent, even if a parent or stepparent objects."

Mindful, therefore, of the language of the statute, its legislative history and intent, and our prior construction of its terms, we hold that the grandmother here has standing to seek visitation with her grandchild and that the trial court erred in ruling to the contrary.

Since the mother has not cross-appealed, we will not address the issues she has raised. By this disposition, we do not mean to imply any opinion concerning the merits of the grandmother's request.

The order of dismissal is reversed, and the cause is remanded for reinstatement of the motion and answer.

SMITH and JONES, JJ., concur.