946 P.2d 607 (1997)
The PEOPLE of the State of Colorado and M.K.N., Petitioners-Appellees, In the Interest of A.M.B. and T.B., Children,
and Concerning M.B., Respondent-Appellant.
No. 97CA0142.
Colorado Court of Appeals, Div. III.
October 2, 1997.
No Appearance for Petitioners-Appellees.
John M. Cogswell Law Office, Michael J. Heaphy, Buena Vista, for Respondent-Appellant.
Opinion by Judge HUME.
M.B. (mother) appeals from a trial court judgment granting the motion of M.K.N. (maternal grandmother) for grandparent visitation with the child A.M.B. The sole issue presented is whether an administrative paternity proceeding is a "child custody case" for purposes of the grandparent visitation statute, § 19-1-117, C.R.S.1997. We conclude that it is and affirm the judgment of the trial court.
Prior to the filing of the motion for grandparent visitation, an administrative proceeding had been brought to determine the paternity of A.M.B. Issues concerning custody of the child were not raised in the proceeding.
Under § 19-1-117(1), C.R.S.1997, a grandparent may seek an order granting reasonable visitation rights with a grandchild only "when there is or has been a child custody case." The statutory definition of a "child custody case" expressly includes cases that have an impact on the custody of a child, regardless of whether child custody was an issue in the matter. Section 19-1-117(1); F.H. v. K.L.M., 740 P.2d 1006 (Colo.App.1987).
Paternity of a child may be determined in an action brought under the Uniform Parentage Act, § 19-4-101, et seq., C.R.S.1997, or in an administrative proceeding brought pursuant to § 26-13.5-110, C.R.S.1997. An order establishing paternity under § 26-13.5-110 has all the force, effect, and remedies of an order of the district court. Section 26-13.5-110(2), C.R.S.1997. Thus, in addition to imposing an obligation for the payment of support, an order entered in an administrative paternity proceeding may have an impact on a parent's custodial rights to the child. See § 26-13.5-105(3)(d), C.R.S.1997.
We, therefore, conclude that an administrative paternity proceeding is a child custody case within the meaning of § 19-1-117(1). See In re Marriage of Davisson, 797 P.2d 809 (Colo.App.1990). Hence, the maternal *608 grandmother had standing to seek visitation under the statute.
Judgment affirmed.
JONES and BRIGGS, JJ., concur.