116 P.3d 1251 (2005)
In the Matter of D.C. and D.C., Petitioners-Appellants, and
J.C.L., Respondent-Appellee.
No. 04CA0249.
Colorado Court of Appeals, Division Four.
February 10, 2005.
Rehearing Denied May 26, 2005.
*1252 G. William Beardslee, Fort Collins, Colorado, for Petitioners-Appellants.
Colorado Legal Services, Joan R. Woodbury, Fort Collins, Colorado, for Respondent-Appellee.
ROY, J.
In this proceeding concerning grandparent visitation under § 19-1-117, C.R.S.2004, the petitioners, D.C. and D.C. (grandparents), appeal from the order of the trial court dismissing their petition for lack of standing. We affirm.
Grandparents are the maternal grandmother and stepgrandfather of J.R.-M., A.R.-M., and X.S.L. (the children). Respondent J.C.L. (mother) is the mother of the children. Respondent never married the father of the older children, J.R.-M. and A.R.-M., and is divorced from the father of the youngest child, X.S.L. All the children reside with mother.
The trial court upheld the magistrate's determination that stepgrandfather lacked standing under the statute to seek visitation with any of the children. The trial court also upheld the magistrate's dismissal of grandmother's petition as to the two older children. Grandmother's petition as to the younger child, X.S.L., remains pending and is not at issue in this appeal.

I.
Initially, we note that although stepgrandfather appears to be proceeding as a party to this appeal, he did not contest his dismissal from this matter in the motion for review of the magistrate's order submitted to the trial court, nor does he challenge that dismissal before this court. Consequently, his dismissal is the law of the case. See Bodelson v. Denver Publ'g Co., 5 P.3d 373 (Colo.App.2000) (contentions not raised in the trial court are not properly preserved for appellate review).

II.
Grandmother contends that the trial court erred in determining that it lacked jurisdiction to grant grandparent visitation with respect to the two older children. We disagree.
Section 19-1-117(1), C.R.S.2004, permits a grandparent to seek a visitation order when there is or has been "a child custody case or *1253 a case concerning the allocation of parental responsibilities relating to that child." The statute defines such a case in three ways:
(a) That the marriage of the child's parents has been declared invalid or has been dissolved by a court or that a court has entered a decree of legal separation with regard to such marriage;
(b) That legal custody of or parental responsibilities with respect to the child have been given or allocated to a party other than the child's parent or that the child has been placed outside of and does not reside in the home of the child's parent, excluding any child who has been placed for adoption or whose adoption has been legally finalized; or
(c) That the child's parent, who is the child of the grandparent, has died.
In Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), the Supreme Court held a state grandparent visitation statute unconstitutional, as applied, because the order for grandparent visitation unjustifiably interfered with the natural mother's due process right to make decisions concerning the care, custody, and control of her children. The statute at issue in Troxel permitted any person to petition for visitation with a child any time visitation served the child's best interests, even when that child was living with a natural or adoptive parent. Thus, the statute placed the burden on the fit parent to convince the court that the proposed visitation would not be in the best interests of the child, in contravention of the traditional presumption that fit parents will act in the best interests of their children.
In contrast, § 19-1-117 limits standing to grandparents and allows a petition for visitation only if there is or has been a "child custody case or a case concerning the allocation of parental responsibilities." By doing so, the statute ensures that grandparent visitation decisions made by parents of intact families, where there has been no prior court intervention, are not challenged. The statute also incorporates the best interests standard and, thus, requires that the parent's decisions concerning grandparent visitation be given special weight and significance. Based upon these distinctions, a division of this court determined that § 19-1-117 satisfies the requirements of Troxel, supra, and therefore, is constitutional. In re Custody of C.M., 74 P.3d 342 (Colo.App.2002).
Here, grandmother argues that she has standing to proceed under § 19-1-117(1)(b) because the two older children do not reside with their father. She further maintains that this case does not involve an "intact" family as contemplated in In re Custody of C.M., supra, and that by denying standing in this instance, the statute effectively forecloses visitation between grandparents and the children of unmarried parents. We are not persuaded.
When the language of a statute is clear and unambiguous, the court must determine and give effect to the intent of the General Assembly by construing the words and phrases according to their plain and ordinary meanings. In re E.L.M.C., 100 P.3d 546 (Colo.App.2004). Here, the plain meaning of § 19-1-117(1) does not authorize the court to hear grandmother's petition unless there has been a judicial intervention into the marriage of the children's parents under § 19-1-117(1)(a); a judicial placement of the children outside their family under § 19-1-117(1)(b); or the death of the grandparent's child (here, mother) under § 19-1-117(1)(c). None of these events has occurred.
Accordingly, whether an award of visitation with grandmother would be in the children's best interests was not an issue the court could properly reach. See In re Adoption of T.K.J., 931 P.2d 488 (Colo.App.1996) (because adoption by domestic partner could not proceed under the statutes, the issue of whether adoption would be in the children's best interest was moot).
We recognize that an "intact" family, in the classic sense, is not present here. However, this is not a case where the person best situated to make a reasoned decision regarding the extent of contact between the child and grandmother is absent from the family dynamic. It is apparent that the statute is designed primarily to protect the relationship between a grandparent and grandchild against the seemingly natural tension *1254 that may arise between in-laws, especially following a divorce or death.
Here, the children are in the care and custody of their mother, grandmother's daughter. As relevant to this appeal, mother is not restricting contact with the family of the children's father, but rather, is making determinations regarding the level of contact the children should have with her own family. Under these circumstances, we perceive no policy reason for deviating from the plain meaning of the statute.

III.
To the extent that grandmother contends the statute deprives the children of their right to due process and equal protection, we disagree.
Grandmother has not argued or shown that she has either a fundamental liberty interest in the relationship with her grandchildren or a claimed entitlement to seek visitation with them. Similarly, she has shown neither corresponding interests on the part of the children nor, assuming such interests exist, her standing to raise the constitutional rights of the children. See In re Adoption of T.K.J., supra.
We further reject grandmother's primary assertion that the statute creates multiple-tiered categories of children based upon their parents' marital status. As we have discussed, the statute protects against unconstitutional intrusions on a parent's fundamental right to the care, custody, and management of his or her children by allowing a judicial order for grandparent visitation only when the family has been subject to court intervention or a natural parent has died. The statute thus contemplates that there may be some interruption in the relationship between a grandparent and grandchild when the parent who is also the child of the grandparent can no longer ensure that contact continues as it had prior to the changes in the family unit. Consequently, the difference in treatment is unrelated to the parents' marital status.
The order dismissing the petition is affirmed.
Judge WEBB and Judge GRAHAM concur.