**Jaraine LATTANY, Plaintiff,**

**and**

**City and County of Denver,
Intervenor–Appellant,**

**v.**

**Tysen GARCIA and Sheila Cole,
Defendants–Appellees.**

**No. 04CA1768.**

Colorado Court of Appeals,
Div. A.

June 15, 2006.

Cole Finegan, City Attorney, Stan M. Sharoff, Assistant City Attorney, Denver, Colorado, for Intervenor–Appellant.

No Appearance for Defendants–Appellees.

Opinion by Chief Judge DAVIDSON.

Seeking reimbursement under the Governmental Immunity Act (GIA), § 24–10–110(1.5)(a), C.R.S.2005, for costs expended in the legal defense of two deputy sheriffs, the City and County of Denver moved for limited intervention in an action brought by plaintiff, Jaraine Lattany, against the deputies and other city officials. The trial court denied the motion, and the City appeals. We reverse and remand.

The underlying action involved a physical altercation between plaintiff and the two deputy sheriffs at a children's soccer game. Plaintiff's complaint against the deputies included claims for relief for assault, battery, malicious prosecution, false imprisonment, and outrageous conduct, as well as constitutional claims alleging violations of the First, Fourth, Eighth, and Fourteenth Amendments. Plaintiff also alleged that the other defendants, in their official capacities, were negligent in the training and supervision of the deputies.

The Denver City Attorney's office undertook the defense of the city officials because those defendants had been sued in their official capacities. But the city attorney declined to represent the two deputies, explaining in a letter to them that there was a "serious question about whether [the deputies] were acting within the course of [their] duties and the scope of [their] employment when the alleged assault or use of excessive force occurred." However, as provided by the GIA, § 24–10–110(1.5), C.R.S.2005, the City agreed conditionally to pay a private attorney to defend the deputies.

Subsequently, plaintiff dismissed her claims against the city officials, and, consequently, the city attorney's office ceased its participation in the case. Four months later, the deputies, through their private counsel, moved for the entry of summary judgment in their favor on all claims. In its partial grant of the deputies' motion, the court found: "[I]t is undisputed that both defendants were off-duty at the time of the incident. Because they were off-duty, they were not acting under color of law."

Two months later, the City moved for limited intervention under C.R.C.P. 24(a) and (b) to obtain reimbursement from the deputies for the attorney fees and costs it had expended in their defense. The City argued that, because the court had determined that the altercation occurred outside the scope of the deputies' employment, it was entitled to reimbursement pursuant to the GIA.

Initially, the court denied the City's motion as untimely because it thought, erroneously, that the underlying action had been dismissed with prejudice four days before the

City filed its motion. On the City's motion for reconsideration, the court again denied the motion to intervene, this time on the ground that the City "did not seek to intervene to recover its costs for over two months" after the court made its finding regarding the scope of employment issue.

■ On appeal, the City contends that the court erred in denying its motion for limited intervention to collect reimbursement from the deputies pursuant to § 24–10–110(1.5)(a) of the GIA. We agree. We conclude that (1) the City had a statutory right to intervene in the underlying lawsuit, and (2) its request to do so was timely.

I. Section 24–10–110(1.5)(a) Provides for Intervention as of Right

C.R.C.P. 24(a) provides:

Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) *When a statute confers an unconditional right ·to intervene;* or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(Emphasis added.)

Whether a statute confers an unconditional right to intervene under C.R.C.P. 24(a) is a question of law that we determine de novo. *See Feigin v. Alexa Group, Ltd.,* 19 P.3d 23, 26 (Colo.2001). We agree with the City that it had a right to intervene pursuant to the terms of the GIA.

Section 24–10–110(1.5) provides:

Where a claim against a public employee arises out of injuries sustained from an act or omission of such employee which occurred or is alleged in the complaint to have occurred during the performance of his duties and within the scope of his employment, the public entity shall be liable for the reasonable costs of the defense and reasonable attorney fees of its public employee unless:

(a) It is determined by a court that the injuries did not arise out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment or that the act or omission of such employee was willful and wanton. *If it is so determined, the public entity may request and the court shall order such employee to reimburse the public entity for reasonable costs and reasonable attorney fees incurred in the defense of such employee* . . . .

(Emphasis added.)

By its plain terms, § 24–10–110(1.5)(a) confers upon the public entity the right to reimbursement of reasonable attorney fees and costs advanced to a public employee later found to have been acting outside the scope of his or her employment. Once the court hearing the underlying case finds that the public employee was acting outside the scope of employment, the public entity's right to reimbursement of reasonable fees and costs is unconditional. Consequently, a request for such reimbursement by the public entity, once filed, must be granted.

The statute is not specific as to how the public entity is to make such request to the court, and it does not, in its description of the process, specifically refer to intervention. However, the mechanism of intervention is inherent in a statutory scheme, like the GIA, that provides to a nonparty redress against a party in the context of an existing lawsuit. And because § 24–10–110(1.5)(a) requires that the court hearing the underlying action must award attorney fees upon request, it necessarily provides for intervention as of right.

## II. City's Request for Intervention was Timely

■ A motion to intervene, even as of right, must be "timely." *See* C.R.C.P. 24(a) ("Upon timely application. . . ."). When evaluating the timeliness of a motion to intervene, a trial court must consider the lapse of time in light of all the circumstances of the case. *Law Offices of Andrew L. Quiat, P.C. v. Ellithorpe,* 917 P.2d 300, 303 (Colo.App. 1995). "The point of progress in the lawsuit is only one factor to be considered and is not, in itself, determinative. . . ." *Diamond Lumber, Inc. v. H.C.M.C., Ltd.,* 746 P.2d 76, 78 (Colo.App.1987).

■ We review the trial court's determination of timeliness for abuse of discretion. *See Feigin v. Alexa Group, Ltd., supra,* 19 P.3d at 27 n. 6.

■ Here, in its order, the trial court observed that the City had waited two months after the court's scope of employment ruling to file its request for intervention. The court also noted that the request was filed a day after the trial in the underlying action had been vacated. Accordingly, the court found that the motion was untimely.

The City points out, however, that it had no basis on which to request reimbursement until the court had actually ruled on the scope of employment issue. And, the City asserts, because by that time it was no longer a party to the underlying suit nor included on the certificates of service, it was not notified of the court's ruling by either the remaining parties or by the court. Moreover, its request for intervention was limited, and would have had little or no effect on the underlying lawsuit. Consequently, the City argues, under the totality of the circumstances, the trial court's determination was an abuse of its discretion. We agree.

First, it is undisputed that neither the parties nor the court served the City with the court's scope of employment ruling. In addition, we agree that the City had no basis upon which to request intervention until the trial court issued that ruling. Furthermore, nothing in the record contradicts the city attorney's assertion that it filed the intervention motion when it learned of the court's order.

More important, the City's request for reimbursement of attorney fees under § 24–10–110(1.5)(a) was ancillary to the underlying case. Indeed, requests for attorney fees as costs customarily are made after litigation has ended, *see* C.R.C.P. 121 § 1–22(2), and such fee awards usually constitute separate judgments entered subsequent to the entry of judgment on the merits of the case. *See Baldwin v. Bright Mortgage Co.,* 757 P.2d

1072, 1073 (Colo.1988) (orders pertaining to attorney fees as costs constitute final judgments which are separately appealable from the judgment or order on the merits of an underlying case). Hence, in this context, it was immaterial that the trial date had been vacated and the parties were about to stipulate to a settlement of the underlying case.

Accordingly, based on all the circumstances, we conclude that the trial court's denial of the City's motion to intervene pursuant to C.R.C.P. 24(a)(1) was an abuse of discretion. Furthermore, based on this disposition, we need not address the City's alternative arguments that § 24–10–110(1.5)(a) also provides for intervention under C.R.C.P. 24(a)(2) and (b), that § 24–10–110(1.5)(a) supersedes any timeliness requirements set forth in the rules of civil procedure, and that § 24–10–110(1.5) allows for the filing of a direct claim for reimbursement with the court hearing the underlying lawsuit.

The order is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Judge STERNBERG * and Judge NEY * concur.