In the Interest of K.L.O–V., a Child, and Concerning K.A.V., Petitioner–Appellee,

and

M.F.O., Grandparent, Intervenor–Appellant.

No. 05CA2214.

Colorado Court of Appeals, Div. IV.

Nov. 16, 2006.

Law Office of Laura E. Shapiro, P.C., Laura E. Shapiro, Kris D. Ward, Denver, Colorado, for Petitioner–Appellee.

Rotole, Rotole, Blanchard & Lumbye, L.L.C., Richard J. Rotole, Denver, Colorado, for Intervenor–Appellant.

Opinion by Judge ROMÁN.

In this paternity action, M.F.O., the paternal grandmother (grandmother), appeals from a district court judgment affirming a magistrate's order denying her motion to intervene. We affirm the judgment in part and dismiss the appeal in part.

In March 2005, K.A.V. (mother) filed a paternity action seeking determination of a parent-child legal relationship between M.N.O. (father) and her child, K.L.O–V., and entry of orders regarding child support, parental responsibilities, and parenting time. Father acknowledged paternity and, like mother, sought entry of orders regarding child support, parental responsibilities, and parenting time.

In May 2005, grandmother filed a motion to intervene together with a petition for grandparent visitation pursuant to § 19–1–117, C.R.S.2006. Grandmother's motion alleged that § 19–1–117 conferred an unconditional right to intervene in a child custody

case or a case concerning the allocation of parental responsibilities of the child.

In June 2005, the magistrate approved the parents' "Memorandum of Understanding— Temporary Orders," which addressed parental responsibilities and parenting time. In July, the magistrate denied grandmother's motion to intervene without making any findings.

Grandmother filed a motion for district court review of the magistrate's order, arguing that she was entitled to intervene as of right or, in the alternative, that she had a permissive right to intervene. Mother sought dismissal of the petition for district court review, asserting that grandmother was required to file a direct appeal to this court.

On review, the district court determined that grandmother lacked standing to seek visitation under § 19–1–117(1)(a)–(c), C.R.S. 2006, and that § 19–1–117 did not confer an unconditional right to intervene. The court further determined that, pursuant to C.R.M. 7(b), grandmother should have filed a direct appeal to this court because mother and father had consented to proceeding before the magistrate and she did not object. However, in the "interests of justice," the court denied the motion for review and affirmed the magistrate's denial of the motion to intervene.

## I.

■ As a preliminary matter, we reject, as did a motions division of this court, *see FSDW, LLC v. First Nat'l Bank,* 94 P.3d 1260 (Colo.App.2004) (explaining reasons for revisiting motions division's ruling), mother's contention that the appeal must be dismissed because grandmother was required to file a direct appeal from the magistrate's order pursuant to C.R.M. 7(b).

The Colorado Rules for Magistrates apply to all proceedings conducted by magistrates in district courts, including juvenile matters. However, a juvenile court magistrate has the powers and is subject to the limitations set forth in article 1 of the Colorado Children's Code (Code), § 19–1–101, et seq., C.R.S.2006, and must conduct proceedings in accordance with the Code. C.R.M. 6(d); *In Interest of A.P.H.,* 98 P.3d 955 (Colo.App.2004).

Section 19–1–108, C.R.S.2006, which addresses the use of magistrates in proceedings under the Code, requires a magistrate to inform the parties that they have "the right to a hearing before the judge . . . and that the party may waive that right." Section 19–1–108(3)(a)(I), C.R.S.2006. The statute further provides that "[a] petition for review shall be a prerequisite before an appeal may be filed with the Colorado court of appeals or Colorado supreme court." Section 19–1–108(5)(a), C.R.S.2006; *see C.S. v. People,* 83 P.3d 627 (Colo.2004); *People in Interest of K.L–P.,* 148 P.3d 402 (Colo.App. 2006).

Here, grandmother sought to intervene in this paternity action, which is governed by the Code and was being heard by a magistrate pursuant to the parents' waivers of the right to be heard by a judge. Therefore, § 19–1–108, and not C.R.M. 6 and 7, applied. *See In Interest of A.P.H., supra.* Accordingly, contrary to mother's contention, grandmother was required to file a petition for district court review of the magistrate's denial of her motion to intervene before seeking appellate review. *See* § 19–1–108(5)(a); *C.S. v. People, supra; People in Interest of K.L–P., supra.*

## II.

Grandmother contends that the district court erred in determining that she did not have standing to seek grandparent visitation under § 19–1–117 and in denying her motion to intervene. While we agree that grandmother has standing to seek visitation, we conclude that the court did not err in denying intervention.

### A. Standing

■ Grandmother contends that a paternity proceeding is a "child custody case" within the meaning of § 19–1–117 and that, therefore, she has standing to seek visitation under the statute. We agree.

Section 19–1–117(1) permits a grandparent to seek an order granting reasonable visitation rights with a grandchild "when there is or has been a child custody case." The

statute defines a "child custody case" as a case having an impact on child custody, regardless of whether child custody or parental responsibilities was at issue. Section 19–1–117(1). The statute further provides that a grandparent may seek visitation when there has been (1) judicial intervention into the marriage of the child's parents; (2) judicial placement of the child outside the parents' home; or (3) the death of the grandparent's child. Section 19–1–117(1)(a)–(c); *see In re D.C.,* 116 P.3d 1251 (Colo.App.2005). Although paternity actions are not included among the events enumerated in § 19–1–117(1), the statute has been construed to include paternity actions within its definition of a child custody case. *In Interest of A.M.B.,* 946 P.2d 607 (Colo.App.1997) (holding that an administrative paternity proceeding is a child custody case within the meaning of § 19–1–117(1) ); *F.H. v. K.L.M.,* 740 P.2d 1006 (Colo.App.1987)(holding that a paternity action under the Code is a child custody case within the meaning of § 19–1–117(1) ).

In determining that grandmother lacked standing here, the district court relied on *In re D.C., supra.* In *D.C.,* a division of this court held that a maternal grandmother lacked standing to seek visitation with her daughter's children because none of the events enumerated in § 19–1–117(1)(a)–(c) had occurred. Although the children in *D.C.* were born out of wedlock, there was no indication that there had been a prior paternity action; therefore, the court did not reach the issue whether a paternity action was a child custody case under § 19–1–117(1). Thus, the district court's reliance on the narrow holding in *D.C.* was misplaced.

We conclude that the holdings in *In Interest of A.M.B., supra,* and *F.H. v. K.L.M., supra,* are controlling here and that grandmother has standing to seek visitation under § 19–1–117(1).

**B.  Intervention as of Unconditional Right**

Grandmother next contends that § 19–1–117 confers an unconditional right to intervene under C.R.C.P. 24(a)(1). In the alternative, she asserts that she should have been allowed to intervene as of right under C.R.C.P. 24(a)(2). We disagree.

The denial of a motion to intervene under C.R.C.P. 24(a) is subject to de novo review. *Feigin v. Alexa Group, Ltd.,* 19 P.3d 23 (Colo.2001).

C.R.C.P. 24(a) provides:

Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Although a statutory scheme may not expressly provide for intervention, the mechanism of intervention may be inherent in the scheme when it provides to a nonparty absolute redress against a party in the context of an existing lawsuit. *Lattany v. Garcia,* 140 P.3d 348 (Colo.App.2006).

### 1.  C.R.C.P. 24(a)(1)

Relying on *Lattany v. Garcia, supra,* grandmother asserts that the mechanism of intervention is inherent in § 19–1–117. We reject this contention.

*Lattany* concerned § 24–10–110(1.5), C.R.S.2006, of the Governmental Immunity Act, which gives a public entity an absolute right of recovery of reasonable costs and attorney fees incurred in the defense of an employee if the trial court determines that the employee was not performing or acting within the scope of his or her duties when the plaintiff was injured or that the employee's acts were willful and wanton. In deciding that an unconditional right of intervention was inherent in the statute, a division of this court noted:

Once the court hearing the underlying case finds that the public employee was acting outside the scope of employment, the public entity's right to reimbursement of reasonable fees and costs is unconditional. Consequently, a request for such reim-

bursement by the public entity, once filed, must be granted.

*Lattany v. Garcia, supra,* 140 P.3d at 350. Because the statute required the trial court hearing the underlying action to make the determination entitling the public entity to reimbursement of attorney fees upon request, the court determined that it necessarily provided for intervention as of right, even though the public entity could have sought reimbursement after the litigation had ended.

The underlying action here is a paternity action brought pursuant to the Uniform Parentage Act (UPA), § 19–4–101, et seq., C.R.S.2006. The UPA neither provides for intervention by a grandparent nor addresses a grandparent's right to visitation. *See* §§ 19–4–110, 19–4–116, C.R.S.2006. Thus, *Lattany* is inapposite.

■ However, § 19–1–117(1), a general Code provision, permits a grandparent to seek visitation when there is or has been a child custody case, which includes a paternity action. Pursuant to that statute, grandparent visitation can be ordered only upon a finding that such visitation is in the child's best interests, which in turn requires the grandparent to rebut the presumption that the parent's decision regarding visitation is in the child's best interests and to establish by clear and convincing evidence that grandparent visitation is in the child's best interests. Section 19–1–117(2), C.R.S.2006; *see In re Adoption of C.A.,* 137 P.3d 318 (Colo. 2006). Thus, the statute does not give rise to an absolute right to visitation.

Section 19–1–117 does not prescribe how a grandparent may seek visitation. Although the supreme court has indicated that a grandparent may either file a new proceeding or intervene in a pending child custody proceeding, it did not indicate whether such intervention was as of right or permissive. *See People v. Anderson,* 828 P.2d 228 (Colo. 1992). Because § 19–1–117 does not vest a grandparent with an absolute right to visitation and issues concerning grandparent visitation are not inherent in a paternity action, we conclude that the statute does not confer an unconditional right to intervene in a paternity proceeding pursuant to C.R.C.P.

24(a)(1). *See Suster v. Ark. Dep't of Human Servs.,* 314 Ark. 92, 858 S.W.2d 122 (1993)(holding that the grandparent visitation statute did not vest grandparents with an absolute right to visitation or intervention).

### 2. C.R.C.P. 24(a)(2)

■ We also reject grandmother's assertion that the district court erred in denying intervention as of right under C.R.C.P. 24(a)(2).

To intervene under this provision, an applicant must show both that his or her interest will be impaired or impeded by disposition of the action and that representation of his or her interest by existing parties is or may be inadequate. If either factor is missing, there is no absolute right of intervention. *Feigin v. Alexa Group, Ltd., supra* 19 P.3d at 31 n. 12; *Denver Chapter of Colo. Motel Ass'n v. City & County of Denver,* 150 Colo. 524, 374 P.2d 494 (1962).

Prior child custody orders do not affect a grandparent's right to visitation. *See* § 19–1–117(1) (providing that a grandparent may seek reasonable visitation rights when there is or *has been* a child custody case); § 19–1–117(5), C.R.S.2006 (providing that orders concerning parenting time rights do not affect grandparent visitation rights awarded pursuant to § 19–1–117); *In re Adoption of C.A., supra* 137 P.3d at 324. Therefore, because grandmother may institute a new proceeding for visitation under § 19–1–117, *see People v. Anderson, supra,* she has failed to demonstrate that disposition of the paternity action may impair or impede her ability to protect her interest in visitation. *See Feigin v. Alexa Group, Ltd., supra* (noting that an intervenor is neither impaired nor impeded in his or her ability to protect his or her interest when there are alternative forums in which to bring suit). Therefore, the district court did not err in denying intervention as of right under C.R.C.P. 24(a)(2). *See Denver Chapter of Colo. Motel Ass'n v. City & County of Denver, supra.*

### C. Permissive Intervention

Grandmother also contends that the district court abused its discretion in denying

permissive intervention under C.R.C.P. 24(b)(2). We find no error.

C.R.C.P. 24(b)(2) provides that a trial court may permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." In exercising its discretion under the rule, the trial court must consider whether intervention will delay or prejudice the rights of the original parties. C.R.C.P. 24(b)(2); *see Roosevelt v. Beau Monde Co.*, 152 Colo. 567, 384 P.2d 96 (1963); *Grijalva v. Elkins*, 132 Colo. 315, 287 P.2d 970 (1955); *In re Marriage of Paul*, 978 P.2d 136 (Colo.App.1998).

Unless the trial court abuses its discretion, the denial of a motion for permissive intervention is not a final, appealable order. The denial of a motion for permissive intervention will seldom constitute an abuse of discretion. *Grijalva v. Elkins, supra.*

We find no abuse of discretion in the district court's denial of permissive intervention here. While the issue of the child's best interests is common to both paternity actions and grandparent visitation proceedings, resolution of the issue is a question of fact that requires different proof depending on whether the court is considering parenting time and allocation of parental responsibilities between the parents or whether it is considering visitation with a grandparent. *See In re Adoption of C.A., supra.* Thus, here, the issue of grandparent visitation could inject new factual questions into the paternity action, causing delay and confusion in the adjudication of the parents' rights. Furthermore, grandmother can protect her right to visitation by filing an independent proceeding for visitation under § 19–1–117. *See People v. Anderson, supra.*

Therefore, we perceive no abuse of discretion in the district court's denial of permissive intervention, and we dismiss the appeal as to this contention. *See Grijalva v. Elkins, supra.*

In reaching this conclusion, we do not suggest that a trial court, in exercising its discretion, may never allow a grandparent to intervene permissively into a paternity action for the purpose of seeking visitation with the grandchild. *See People v. Anderson, supra.*

While a paternity action and a grandparent's request for visitation may require different proof as to the child's best interests, a trial court may determine that, to further judicial economy, the child's best interests vis-a-vis the parents and the grandparent will be considered in a single proceeding. To this end, a trial court may grant intervention and, if necessary to avoid delay or confusion, defer consideration of the grandparent's request for visitation until all issues between the parents have been resolved.

The district court judgment is affirmed insofar as it affirms the magistrate's order denying intervention as of right. The appeal as to the district court's denial of permissive intervention is dismissed.

Judge ROY and Judge LOEB concur.